FILED
OCT -6 2020
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATYSHA SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-cv-02425 (UNA) |
| v. ) | |
| ) | |
| HOOK SUN EU, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of the District of Columbia, sues seven defendants, constituted by entities and individuals. Plaintiff's claims arise out of a contract she executed with defendants for the "transfer/purchase" of a home. She alleges that defendants have failed to make required repairs, obtain appropriate permits, comply with unspecified housing codes, and have seemingly made misrepresentations about the property at issue. As a result, plaintiff contends that she has been forced unfairly to take on the logistical and financial burdens relating to the property. She alleges that defendants "sold a demolished home at over-value, not as is[,]" in violation of 18 U.S.C. § 1341. She demands "unspecified" monetary damages.

As a preliminary matter, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Plaintiff does not include this information for all

defendants. Notwithstanding, plaintiff fails to establish subject matter jurisdiction before this court.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

Plaintiff has failed to established diversity jurisdiction because she has named a defendant that is domiciled in the District of Columbia, namely, FACES, LLC, therefore complete diversity is defeated. Additionally, she must also allege, in good faith, that she has suffered damages exceeding $75,000, *see Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943 (DLF), 2019 WL 2357379 at *6 (D.D.C. June 4, 2019) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)), which she has not done.

Plaintiff has also failed to state a federal question. She attempts to invoke a federal statute, however, 18 U.S.C. § 1341, deals with criminal offenses and has no corresponding private right of action. *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 466 (D.D.C. 1994) (citing *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) ("18 U.S.C. §§ 1341 . . . [does] not provide a private right of action.") and *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (holding same)). Consequently, there is also no basis to support federal question jurisdiction.

For these reasons, the court will dismiss the complaint without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: September 29, 2020

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge